Nos. 25-7701 & 7704

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEVON WENGER,

Defendant-Appellant.

_____

**APPELLANT DEVON WENGER'S MOTION FOR TO STAY
PROCEEDINGS FOR 32 DAYS; DECLARATION OF COUNSEL**

Appeal from the United State District Court
for the Northern District of California
The Honorable Jeffrey S. White
United States District Judge
No. 23 Cr. 268 & 269 JSW

BALOGH & CO., APC
ETHAN A. BALOGH
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415.391.0440
Facsimile: 415.373.3901
Email: eab@balcolaw.com

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-1, Appellant Devon Wenger, by and through his counsel, respectfully moves the Court to stay proceedings for 32 days to permit him time to pursue in the district court an Order (1) indicating it will consider Mr. Wenger's motion for new trial based on newly discovered evidence, and (2) unsealing 37 district court filings, most of which address search warrant litigation and none of which should remain sealed from the public record.

Mr. Wenger sets forth the good cause for this request in the attached declaration of counsel. As set forth therein, Mr. Wenger has conferred with the Government regarding this motion and the United States has not yet settled on its position.

Mr. Wenger is serving his sentence of 90-months incarceration, which is set to expire in December 2031. No court reporters are in default.

Respectfully submitted,

BALOGH & CO., APC

DATED: July 20, 2026

*/s/ E A Balogh*
By: ETHAN A. BALOGH
100 Pine Street, Suite 1250
San Francisco, CA 94111

Attorneys for Defendant/Appellant
DEVON WENGER

1

## DECLARATION OF ETHAN A. BALOGH

1.  I am an attorney admitted to practice before this Court, and on January 5, 2026, I received and accepted this Court's appointment to represent Appellant Devon Wenger on direct appeal.  Except where otherwise expressly noted, I make this declaration on personal knowledge, and if called as a witness could testify competently to the facts set forth herein.

2.  These consolidated appeals arise out of the district court's judgments, entered December 8, 2025, following (A) in a four-day jury trial resulting in convictions of (i) conspiracy to distribute and possess with intent to distribute anabolic steroids, in violation of 18 U.S.C. 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(E)(i), and (ii) destruction of records in a federal investigation, in violation of 18 U.S.C. § 1519 (hereafter "Case 268"), and (B) an 11-day jury trial ending in mistrial,[1] followed by an eight-day jury trial resulting in a conviction for conspiracy against rights, in violation of 18 U.S.C. § 242 ("Case 269").

3.  By this motion and declaration, I respectfully ask the Court to stay these proceedings for 32 days to all me to pursue in the district court an Order (1) indicating it will consider Mr. Wenger's motion for new trial based on newly

---

[1] The first trial in Case 269 ended in a mistrial for Mr. Wenger on trial day 4.

discovered evidence, and (2) unsealing 37 district court filings, most of which address search warrant litigation and none of which should remain sealed from the public record.

4.  I intend to first file a motion for new trial no later than July 31.  The motion will be based on newly discovered evidence and will raise a substantial issue.  *See* Fed. R. Crim. P. 33; *see also* Fed. R. App. P. 12.1.  In brief, on March 13, 2026, the Government's star witness—cooperator Eric Rombough—filed publicly as Exhibit A to his sentencing memorandum, "[a] comprehensive psychiatric evaluation . . . performed by Vladimir Bokarius, M.D., Ph.D., QME, on March 11, 2024, following an in-person clinical interview and extensive psychological testing."  ECF 692 at 6:9-14 (Rombough Sentencing Memorandum); *see also* ECF 692-1 (Ex. A (Dr. Bokarius's Report)).[2]  The district court sealed that exhibit, at Rombough's belated request, the next day.  ECF 696.[3]  As a result, I will

---

[2] ECF refers to the docket entries on the district court docket in Case 269.

[3] Although Rombough moved to seal *only* Dr. Bokarius's Report, ECF 695, and the district court's sealing order reached only that exhibit, ECF 696, Rombough's sentencing memorandum no longer appears on the district court's public docket.  *See also infra.*, at ¶ 5 (addressing unsealing issues).

be circumspect in my descriptions of the matters disclosed in Dr. Bokarius's Report.[4]

a.  Rombough proceeded with his examination by Dr. Bokarius during his prosecution in Case 269.  *See* ECF 692-1.  Dr. Bokarius's Report includes (1) Rombough's descriptions of use-of-force events during the conspiracy to which he pleaded guilty and about which he testified, (2) diagnoses and Rombough's description of supporting use-of-force events during the conspiracy period; and (3) the impact of his diagnosis on his ability to serve as a first responder.[5]  Even more critically, Dr. Bokarius's Report summaries the records he reviewed, including his summary of (4) Rombough's psychotherapist's notes spanning April 29, 2022 through December 21, 2023.  These notes include Rombough's statements regarding the criminal investigation as leaked to the press and the purported bases for his administrative leave.  Suffice it to say for now, we will contend in our motion for new trial based that the statements Rombough presented in Dr.

---

[4] I note as well that Rombough's counsel detailed the contents of his client's statements from Dr. Bokarius's Report in his publicly-filed sentencing memorandum.

[5] Rombough disclosed his diagnoses in the body of his publicly-filed sentencing memorandum.  *See* ECF 692 at 7-9.

Bokarius's Report cannot be reconciled with the trial narrative he presented to the jury. We respectfully contend Dr. Bokarius's Report qualifies as bombshell evidence that disproves the conspiracy presented at trial.[6]

      b. While the motion for new trial based on newly discovered evidence is timely, the district court cannot decide it absent a limited remand from this Court. *See* Fed. R. Crim. P. 33(b)(1). Mr. Wenger will ask the district court to assess his motion pursuant to Fed. R. Crim. P. 37. If the court is willing to entertain the motion, Mr. Wenger will apply for limited remand for such consideration. *See* Fed. R. App. P. 12.1. Mr. Wenger contends that the circumstances presented here merit granting the short stay requested so the district court may assess the motion.

      c. Mr. Wenger contends that his motion will satisfy the *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991) factors and support the grant of a new trial. Importantly, Rombough was the Government's star cooperating witness and it relied most forcefully on his testimony in summation. *See* ECF 665 at RT

---

[6] With respect to the other alleged co-conspirator—Morteza Amiri—the Government lost its case pursuing that claim, and final judgment of acquittal entered for Amiri and against the United States on July 1, 2025, *viz.*, before Mr. Wenger's trial. *See* ECF 505.

1323-1353 & 1422-1431.[7] So too, while the district court granted Mr. Wenger's Rule 29 motion on the sole substantive count he faced, ECF 664 at RT 1212-1215 (finding "the Government has not proven elements two and three"), it emphasized the import of Rombough's testimony, *id.*, at RT 1189, before deferring and then denying the motion in a non-specific order. ECF 640.

d. In sum, the newly discovered evidence cannot be reconciled with the account the jury considered and Mr. Wenger's Rule 33 motion will present a substantial issue.

e. The requested stay is short because the defense believes the district court will decide in relatively short order whether it will consider the Rule 33 motion. If it will, I will promptly prepare and present a Rule 12.1 application to this Court. If it will not, I will confer with the United States and propose a date for the filing of the Consolidated Opening Brief.

5. During this same period, I intend to pursue the unsealing of 37 filings, most of which of them address the search warrant litigation and address the sealing of warrants, supporting applications, and exhibits. The search warrant litigation

---

[7] With respect to the citations to the trial transcript, we cite to the consecutively-numbered pages of the Reporter's Transcript of Proceedings ("RT").

extended, over both cases, for nearly one year, and the district maintained the warrants, and much of the evidence regarding their execution, under seal throughout the pretrial proceedings. Other materials, like Rombough's sentencing memorandum, *compare* ECF 691 *with* ECF 695 & 696, appear to have been sealed in error. I contend that the unsealing of materials that should no longer be sealed is not only proper, it will aid in the filing and review of this appeal, and judicial economy provides additional support to grant this motion for a short stay.

6. I have conferred with Appellate Chief, Assistant United States Attorney Merry Jean Chan, regarding this motion, and have identified for the Government the 37 filings Mr. Wenger contends should be unsealed. I expect AUSA Chan's response presently and believe we can work together to present the sealing issues to the district court during the short stay. Should the district court maintain its sealing orders, Mr. Wenger could appeal that order, consolidate it with these appeals, and thus provide the Court with authority to address the public scope of the materials to be considered in this appeal. *See United States v. Gurolla*, 333 F.3d 944, 952-53. With respect to the motion for a stay, AUSA Chan was noncommittal and wanted additional time to assess the Government's position.

7. As stated, I expect to present my motions to the district court no later than July 31, shortly after the July 27 due date currently set for the filing of the

consolidated opening brief in these matters.  Thereafter, I will turn to completing

my record review and preparing the consolidated opening brief.  As the requested

stay will necessarily result in a de facto extension of time, and because counsel

would pursue one but for the emergence of newly discovered evidence worthy of a

new trial motion, I believe it appropriate to make the necessary Ninth Circuit Rule

31-2.2(b) showing of diligence and substantial need as well.

a.  The size and complexity of these consolidated cases

demonstrates substantial need supporting an extension of this appeal.  Following

my January 5, 2026 appointment, I first assembled the record for both cases.  It

was a substantial undertaking, and I credit then-Assistant United States Attorney

Alethea Sargent with assisting in obtaining (over 5 stipulations) nearly the entirety

of the sealed record, excepting a small subset of filings the parties agreed should

remain sealed from Mr. Wenger and his counsel.  The record is gargantuan.  Case

268 exceeds 250 docket entries and proceeded to trial.  Case 269 exceeds 650

docket entries at the time of judgment and proceeded to two trials; more than 400

of the docket entries post-date the first trial that ended in mistrial for Mr. Wenger

and proceeded to verdict for co-defendant Amiri.  The search warrant litigation

was particularly complex and extended, included multiple rounds of supplemental

briefing, new disclosures, shifting positions by the prosecution, and motions for

reconsideration. The search warrant litigation is the sole part of the record for which I have yet to complete review. I expect to complete that review presently.

b. With respect to Case 268, I have reviewed the trial transcript and the entire available Clerk's Record, save for the search warrant litigation. *See supra.*, ¶ 7(a). I have identified several issues worth researching further before settling on issues for appeal. With respect to Case 269, I have reviewed the trial transcript and nearly the entire available Clerk's Record, save for the search warrant litigation. *See id.* I have likewise identified several issues worth researching further before settling on issues for appeal.

c. I respectfully contend that I have acted with diligence with respect to this appeal generally, as set for the above, and with respect to the proposed Rule 33 motion I intend to file this month. I learned of Dr. Brokius's Report upon its filing in March 2026. I was then actively assembling the record in this case, obtained the many sealed filings, and commencing my review. I then reviewed the record in the shorter Case 268 before proceeding to review the more substantial matter, Case 269. Upon reviewing the trials Case 269, the import of Dr. Brokius's Report became apparent. I accordingly shifted my case approach and reached out to the Government on July 9 to confer about the filing of a motion for a new trial

9

and the pursuit of a short stay to accommodate the filing of that motion in conjunction with unsealing litigation.

d. I further respectfully contend that these factors demonstrate diligence and substantial need with expect to extending this appeal. I will proceed with preparing the consolidated opening brief once I have briefed the district court matters so as to prosecute this appeal with diligence following the district court's resolution of Mr. Wenger's motion for new trial. This motion contemplates the filing of a Status Report updating the Court and making the necessary motion— either for limited remand or to reset the schedule for the filing of the opening brief—no later August 28, 2026.

Under penalty of perjury of the laws of the United States, I declare the foregoing is true and correct.

/s/ *E A Balogh*
Dated: July 20, 2026                     ETHAN A. BALOGH

10