**Nos. 25-7701 & 25-7704**

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DEVON WENGER,<br><br>Defendant-Appellant. | District Court Nos.<br>4:23-cr-00268 JSW (N.D. Cal.)<br>4:23-cr-00269 JSW (N.D. Cal.) |

**UNITED STATES' OPPOSITION TO APPELLANT'S MOTION TO STAY PROCEEDINGS FOR 32 DAYS**

The government would not oppose a 32-day extension of the time for Defendant-Appellant Devon Wenger to file his consolidated opening brief, justified by the time required to address certain sealed district court records. However, the government does oppose Wenger's motion for a *stay* of appellate proceedings, albeit of the same duration. Dkt. 13.[1] Wenger seeks to stay his appeals primarily so that he can seek an indicative ruling from the district court on a motion for a new trial under Fed. R. Crim. P. 33 based on "newly discovered evidence." *Id.* But Wenger fails to meet his burden of showing, rather than stating conclusorily,

---

[1] Dkt. refers to this Court's docket entry in No. 25-7701; CR(268) to the district court clerk's record in No. 23-cr-268 JSW and CR(269) to the record in No. 23-cr-269 JSW.

that the "newly discovered evidence"—materials submitted in connection with a witness's sentencing—would warrant a new trial.

## BACKGROUND

In 2023, Wenger was indicted for a drug conspiracy offense, destruction of records in federal investigations, and civil rights violations. CR(268)-1, CR(269)-1. The first indictment alleges one count that between 2019 and 2022, Wenger and codefendant Daniel Harris, who were both officers with the Antioch Police Department, knowingly conspired to distribute and possess with intent to distribute anabolic steroids in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(E)(i). CR(268)-1. The indictment also charged Wenger for knowingly altering, destroying, or falsifying records to impede federal investigations in violation of 18 U.S.C. § 1519. CR(268)-1. The second indictment alleges one count that Wenger, along with codefendants Morteza Amiri and Eric Rombough, who also were officers with the Antioch Police Department, knowingly conspired to injure, threaten, and intimidate residents of Antioch, California, with the use of unreasonable force in violation of 18 U.S.C. § 241, and one count that Wenger, while acting under color of law, deprived a person's right protected by the U.S. Constitution from the use of unreasonable force by police officers in violation of 18 U.S.C. § 242. CR(269)-1.

2

In March 2025, during a jury trial with codefendant Amiri as to the civil rights violations from the second indictment, the district court granted Wenger's motion for mistrial. CR(269)-350. Following a jury trial in April 2025 as to the first indictment, Wenger was found guilty as charged for the drug conspiracy and destruction of evidence offenses violating 18 U.S.C. §§ 841, 846, and 1519. CR(268)-207. Later, following a retrial with respect to the second indictment, the district court dismissed the charge under 18 U.S.C. § 242 and the jury convicted Wenger for the charge for conspiracy to use unreasonable force violating 18 U.S.C. § 241. CR(269)-596.

At sentencing, the district court imposed on Wenger a concurrent sentence of 90 months' imprisonment, to be followed by three years of supervised release. CR(268)-255, CR(269)-644. The judgment was entered on December 8, 2025. *Id.* Wenger timely appealed on the same date. CR(268)-257, CR(269)-646. His consolidated opening brief is currently due July 27, 2026, following an extension of 120 days from the initial deadline of March 27, 2026. Dkts. 5, 11, 12.

On July 20, 2026, Wenger moved this Court for a stay so that he could seek an indicative ruling on a Rule 33 motion to the district court for a new trial based on newly discovered evidence, and for unsealing of sealed documents that he claims should not have been sealed. Dkt. 13.

3

Wenger is currently serving his custodial sentence at Jesup FCI, with a projected release date of December 26, 2031.  https://www.bop.gov/inmateloc/ (Register No. 10808-506).

## ARGUMENT

This Court should deny Wenger's motion for a stay of the appellate proceedings because he does not meet the demanding standards for a stay.

A stay is "'not a matter of right, even if irreparable injury might otherwise result,'" but "'an exercise of judicial discretion.'"  *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal citations omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 434.  "[A] petitioner seeking a stay . . . must show that irreparable harm [absent a stay] is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor."  *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (per curiam).

This Court may also stay appellate proceedings when doing so favors judicial economy.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort

4

for itself, for counsel, and for litigants."); *Sarkar v. Garland*, 39 F.4th 611, 617–18 (9th Cir. 2022) (describing balancing test for granting a stay of appellate proceedings). In deciding whether to grant a stay, this Court weighs "'competing interests'" including any prejudice that "may result from the granting of a stay," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Sarkar*, 39 F.4th at 617–18 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Wenger fails to show that without a stay, he would face probable irreparable harm or hardship as required under *Nken*. With or without a stay of his appellate proceedings, Wenger may seek an indicative ruling from the district court as to his motion for a new trial, and although Wenger has already obtained a 120-day extension, Dkts. 2, 12, the government would not oppose a further 32-day extension of time to file his opening briefs to unseal district court records as appropriate.[2] More importantly, Wenger has not met his burden to show that his

---

[2] In his motion for a stay, Wenger's appellate counsel sets forth the progress of his preparation of the appeal, as required for one seeking an extension of time for brief under Circuit Rule 31-2.2(b). Dkt. 13 at 9–11. With the government's consent, the district court has already permitted Wenger's appellate counsel to obtain copies of relevant sealed materials. CR(268)-300, 302, 308, 311; CR(269)-688, 691, 707, 717. Wenger now seeks to unseal certain materials altogether for purposes of streamlining the filing of his brief and excerpts of record.

motion for a new trial is substantial on the merits. Under Fed. R. Crim. P. 37, the district court may defer considering Wenger's motion for new trial, deny the motion, or issue an indicative ruling that it would grant the motion or that the motion raises a substantial issue. Wenger has done nothing to suggest that the district court is likely to take the third option of issuing an indicative ruling. Wenger asserts that materials submitted by a witness in support of that witness's sentencing is "bombshell evidence that disproves the conspiracy presented at trial." Dkt. 13 at 5. However, Wenger does not explain how the psychiatric evaluation report of the witness undermines the government's evidence against Wenger. As such, Wenger fails to show that his new trial motion is substantial, and that a stay is warranted under *Nken*.

For similar reasons, Wenger has not shown that a stay serves judicial efficiency under *Sarkar*. To be sure, if the parties agreed that a new trial were warranted, thus mooting his appeals, it might make sense to stay his appeals to allow the district court to issue an indicative ruling and allow for this Court to grant a limited remand. Here, the government does not agree that a new trial is warranted, and Wenger has not articulated how the newly discovered evidence supports a new trial. This Court should therefore not stay the appeals opened in December 2025.

## CONCLUSION

For the foregoing reasons, this Court should deny Wenger's motion for a stay. Should the Court construe Wenger's motion as seeking a 32-day extension for the new deadline of his consolidated opening brief, the government does not oppose.

Dated: July 28, 2026                    Respectfully submitted,

                                        CRAIG H. MISSAKIAN
                                        United States Attorney

                                         */s/ Merry Jean Chan*
                                        MERRY JEAN CHAN
                                        Chief, Appellate Section, Criminal Division

                                        ELIZABETH BERENGUER
                                        ERIC CHENG
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff-Appellee
                                        UNITED STATES OF AMERICA